UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. KRESS & THE KRESS LAW FIRM, LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:11CV1537 HEA |
| DUTCHTOWN SOUTH COMMUNITY CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 9] and Plaintiff's Motion to Remand, [Doc. No. 11]. Defendant opposes the motion to remand. Plaintiffs did not respond to Defendants' Motion, presumably based, perhaps misguidedly, on the filing of the Motion to Remand. For the reasons set forth below, Plaintiffs' Motion to Remand is denied; Plaintiffs will be given leave to file a response to the Motion to Dismiss, as provided below.

### Facts and Background

Plaintiffs sued Defendants in state court alleging that Defendant Dutchtown South Community Corporation, (DSCC), offered Kelly Hortiz Kress continuation of health insurance coverage upon the termination of her employment with DSCC. Plaintiffs claim that they agreed to pay Ms. Kress' health insurance coverage for

18 months, and that they in fact paid the monthly health insurance premiums to DSCC for Ms. Kress and her three minor children through June, 2011. Plaintiffs further allege that DSCC selected Group Health Plan, (GHP), as its insurance carrier for the group health plan period of February, 2011 to January, 2012. According to Plaintiffs, they submitted premium payments to DSCC for May and June, 2011. The June premium was cashed, but not the May payment.

Ms. Kress was informed that her coverage had terminated on April 30, 2011, when she attempted to fill a prescription on June 26, 2011. Ms. Kress and Plaintiffs notified DSCC of the termination of coverage and DSCC confirmed that it was attempting to have Ms. Kress' benefits reinstated.

Plaintiffs' suit alleges a claim for breach of contract, (Count I); a claim for an alleged negligent breach of Defendants' duty to convey the health insurance premiums to GHP and to notify Plaintiffs that the payments were not made, (Count II); claims for conversion for cell phone charges on Ms. Kress' cell phone and the June, 2010 health plan premium payment, (Counts III and IV); and a claim for fraud for the alleged failure to convey premiums to GHP every month, (Count V).

Defendant removed the case to this Court on the basis that it was covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. Plaintiffs move to remand, arguing that the Court does not have jurisdiction

because Plaintiffs are not beneficiaries within the meaning of ERISA, as admitted by Defendants, and because Plaintiffs have not filed suit against the benefit plan, GHP.

## Discussion

**Motion to Remand and ERISA Preemption**

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90 (1983). ERISA § 514 states that the statutory scheme "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). "The question of whether a certain state law is preempted by ERISA is necessarily a question of legislative intent, and the Supreme Court has left no doubt that Congress intended the preemption clause to be construed extremely broadly." *Kuhl v. Lincoln Nat. Health Plan of Kansas City, Inc.,* 999 F.2d 298, 301 (8th Cir.1993).

Removal of an action filed in state court is proper if the state law claims are

completely preempted by ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). State-law claims are preempted if the claims "relate to" an employee benefit plan such that they have a connection with or reference to such a plan. *Estes v. Fed. Express Corp.*, 417 F.3d 870, 871 (8th Cir. 2005). ERISA defines an employee welfare benefit plan as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants [specified] benefits . . . ." 29 U.S.C. § 1002(1). For a plan, fund or program to fall within ERISA's scope, "a reasonable person must be able to ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." *Northwest Airlines, Inc. v. Fed. Ins. Co.*, 32 F.3d 349, 354 (8th Cir. 1994).

The Eighth Circuit has recognized that an employer's payment of insurance premiums, standing alone, is substantial evidence of the existence of an ERISA plan. *Robinson v. Linomaz*, 58 F.3d 365, 368 (8th Cir. 1995). Further,

> there is no requirement that the employer play any role in the administration of the plan in order for it to be deemed an E[mployee] W[elfare] B[enefit] P[lan] under ERISA. *Donovan v. Dillingham*, 688 F.2d 1367, 1374 (11th Cir.1982) (en banc); see *Randol*, 987 F.2d at 1550-51 n. 5 (11th Cir.1993) ("[A] commercially purchased insurance policy under which the procedures for receiving benefits are all dictated by the insurance carrier can constitute a plan for ERISA purposes."). The statute simply provides that the EWBP must be "established or maintained" by the employer. 29 U.S.C. § 1002(3)

(emphasis added). Therefore, an employer's purchase of an insurance policy to provide health care benefits for its employees can constitute an EWBP for ERISA purposes. See *Madonia*, 11 F.3d at 447 ("Under [the] statutory definition [of an employee welfare benefit plan], employers may easily establish ERISA plans by purchasing insurance for their employees.")."

*Id*, at 368.

Through their pleadings, Plaintiffs admit that the GHP is a benefit plan, but argue that since they have not sued the plan, the state claims are not preempted by ERISA. Plaintiffs' reasoning, however, fails to take into consideration that a claim for the payment of premiums entails raising a claim that a fiduciary under an ERISA plan has breached the fiduciary duty to pay the premiums.

By failing to timely pay the insurance premiums to GHP, DSCC may have breached a fiduciary duty. A person is a fiduciary with respect to an ERISA plan to the extent that he exercises any discretionary authority respecting management of the plan or disposition of its assets or has any discretionary authority in its administration. 29 U.S.C. § 1002(21)(A). A fiduciary who breaches his duties is personally liable to the plan for any losses caused by the breach. 29 U.S.C. § 1109(a). Failure to pay insurance premiums according to an ERISA plan can be a breach of fiduciary duty. *McFadden v. R & R Engine & Mach. Co.,* 102 F.Supp.2d 458, 467-68 (N.D.Ohio 2000). Corporate owners, officers, and directors of an

employer who sponsors an ERISA plan may be individually liable as fiduciaries to the extent that they maintain authority or control over the plan. *Kayes v. Pac. Lumber Co.,* 51 F.3d 1449, 1459 (9th Cir.1995).

A designated plan administrator, is a fiduciary. *See Torres v. UNUM Life Ins. Co. of Am.,* 405 F.3d 670, 681 (8th Cir.2005) (ERISA requires all plan fiduciaries, a term that includes plan administrators, to discharge their duties in accordance with the plan). *Krippendorf v. Mitchell*, 2006 WL 118376, 3-4 (E.D. Ark 2006).

ERISA allows a plan beneficiary to bring suit for equitable relief where a plan fiduciary commits a breach of fiduciary duty. 29 U.S.C. § 1132(a)(3). If an employer appropriates insurance premiums to its own use, a fiduciary duty attaches and the employer may be held liable. *McFadden v. R & R Engine & Machine Co.,* 102 F.Supp.2d 458, 467 (N.D.Ohio 2000); *Jackson v. Truck Drivers' Union Local No. 42 Health & Welfare Fund,* 933 F.Supp. 1124, 1135 (D.Mass.1996). See also, *Williams v. Holographic Label Converting, Inc*. 2007 WL 2361451, 1-3 (D.Minn 2007).

Despite Plaintiffs' efforts to maintain their action under state law, attempts at artful pleading does not change the fact that the claims stated herein are essentially for the failure to pay premiums due under an ERISA plan. *Kuhl,* 999

F.2d at 303; *Wootten v. Monumental Life Ins. Co.*, 412 F.Supp.2d 1020, 1023 (E.D.Mo. 2006).

## Conclusion

Based upon the foregoing analysis, Plaintiff's Motion to Remand is without merit. This matter was properly removed. Plaintiffs' state claims, are pre-empted by ERISA.

Although the Court does not completely agree that Plaintiffs were correct in deferring their response to Defendants' Motion to Dismiss until the resolution of Plaintiffs' Motion to Remand, the Court will allow Plaintiffs to file a response to the Motion to Dismiss within ten (10) days from the date of this Opinion, Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 11] is denied.

Dated this 22nd day of June, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE